## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

   **Plaintiff,**

**v.**                                                **CASE NO.:**

**JORGE LUIS HERNANDEZ SEMINO**
**and CHUCHI BUSH HOG INC.,**

   **Defendants.**
_____/

## COMPLAINT FOR DECLARATORY RELIEF

The Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through undersigned counsel, hereby seeks declaratory judgment that State Farm owes no duty to indemnify the Defendant, Jorge Luis Hernandez Semino ("Semino") under Policy No. D41 3848-C13-59C, with respect to an uninsured motorist claim that he has brought under an insurance policy issued to Defendant, Chuchi Bush Hog Inc. ("Chuchi"), and as grounds therefore states:

## PARTIES, JURISDICTION AND VENUE

1.     This is an action for Declaratory Relief, pursuant to Chapter 86, Florida Statutes, 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57, to determine the parties' rights and obligations pursuant to an insurance policy.

2.     At all times material, the Plaintiff, State Farm was an Illinois citizen, as State Farm is a corporation incorporated in Illinois with its principal place of business in Bloomington, Illinois.

3.     At all times material, the Plaintiff, State Farm was duly authorized and doing business in Florida.

4.     At all times material, the Defendant, Semino was a citizen of Florida and a resident of Naples in Collier County, Florida.

5.     At all times material, the Defendant Chuchi was a Florida citizen, as Chuchi is a corporation incorporated in Florida with its principal place of business in Collier County, Florida.

6.     This diversity action is brought pursuant to 28 U.S.C. §§ 1332, 2201, and 2202.

7.     There is complete diversity of citizenship between the Plaintiff and the Defendants.

8.     While no monetary damages are sought in this declaratory judgment action, the insurance policy at issue contains a policy limit in dispute that is in excess of $75,000. More specifically, State Farm issued an insurance policy to Chuchi that contains uninsured/underinsured limits motor vehicle limits of $1,000,000 per person. Seminos seek uninsured motorist coverage arising from an August 9, 2021 motor vehicle accident (hereinafter "Subject Accident").

9.     The Subject Accident occurred in Collier County, Florida. Collier County is located within the jurisdiction of the United States Middle District Court of Florida.

10.     This Court, therefore, has jurisdiction pursuant to 28 U.S.C. §§ 1332(a), and 1332(c)(1-2), as complete diversity exists and more than $75,000.00 is at issue, exclusive of fees, interest and costs.

11.     Venue is proper pursuant to 28 U.S.C. §§ 1391(a)(1), (a)(2), and 1391(b) because a substantial part of the events giving rise to the Defendant's claims occurred in this judicial district.

## FACTUAL BACKGROUND

12.     The Defendant, Chuchi, entered into an automobile insurance policy with State Farm (hereinafter collectively "the Policy") that was in effect on the date of the Subject Accident.

13.     The subject policy was issued to the Defendant, Chuchi, for a 2002 Ford F-350 with VIN number 1FTWX32F72EB14320 ("the Accident Vehicle"). This policy was assigned policy number: D41 3848-C13-59C, with effective dates of January 15, 2021 to September 13, 2021, and includes non-stacking uninsured/underinsured limits motor vehicle limits of $1,000,000.00 per person. **A complete copy of this insurance policy including the declarations page and any applicable endorsements is attached hereto as Exhibit "A".**

14.    The Claimant claims entitlement to the Policy's uninsured motorist coverage.

15.    At the time of the Subject Accident, the Defendant, Semino, was standing beside the stationary Accident Vehicle when Semino and/or the Accident Vehicle were struck by another vehicle driven by an uninsured or underinsured motorist.

16.    Semino claims to have suffered uninsured or underinsured bodily injury as a result of the Subject Accident.

## GENERAL ALLEGATIONS

17.    The Policy contains the following "**Insuring Agreement**" for non-stacked uninsured motorist coverage:

**Insuring Agreement**

1. **We** will pay compensatory damages for **bodily injury** an insured is legally entitled to recover from the owner or driver of an **uninsured motor vehicle**.

2. The **bodily injury** for which **we** will pay compensatory damages must be:

   a.  sustained by an **insured**;

   b.  caused by an accident that involves the operation, maintenance, or use of an **uninsured motor vehicle**; and

   c.  a serious injury as described in section 627.737(2) of the Florida Insurance Code before we will pay for damages consisting of pain, suffering, mental anguish, or inconvenience.

18.    The Policy defines "occupying" as follows:

**DEFINITIONS**

**Occupying** means in, on, entering, or exiting.

19.    The Policy defines "insured" as follows:

**Additional Definitions**

**Insured** means:

3.  any other **person** while **occupying**:

a.  **your car**…

Such vehicle must be used with **your** express or implied permission…

20.    Semino does not qualify as an "insured" under this language because he was not occupying the named insured's car at the time of the Subject Accident.

## COUNT I: DECLARATORY RELIEF

21.    State Farm incorporates all previous paragraphs as if fully set forth herein.

22.    This is an action for declaratory relief pursuant to Chapter 28 U.S.C. § 2201 for a declaratory judgment construing coverage under the State Farm Policy attached hereto as Exhibit "A". A bona fide, actual, present and practical need for a declaration of the respective rights and obligations of the insurer and the insured

exists. The rights of the insured and/or third parties are dependent upon an interpretation of the policy.

23. The parties are in doubt as to their rights under the Policies.

24. The parties are in need of immediate judicial determination of their rights and obligations, and this action does not constitute mere legal advice, in that Semino claims entitlement to uninsured motorist coverage under the Policy.

25. All conditions precedent to this action have been satisfied or waived.

26. State Farm is not currently aware of any dispute between State Farm and Chuchi as to coverage under the Policy. However, Chuchi has been included in this lawsuit because it is the named insured under the Policy and has or may have a material interest in the outcome of this lawsuit.

27. Pursuant to the terms and coverages of the Policy attached hereto as Exhibit "A", in effect on the date of the Subject Accident, State Farm seeks a declaration that the Policy does not provide uninsured motorist coverage to Defendant, Semino, for any claims or potential claims arising out of the Subject Accident because he is not an "insured", as defined under the Policy, with respect to the Subject Accident.

28. Additional policy provisions may also ultimately prevent or limit uninsured motorist coverage with respect to the Subject Accident. State Farm has

not waived these defenses, limitations or exclusions, but does not seek a judgment as to their application at this time.

29.    Nor does State Farm seek a ruling on the question of its duty of defense under the Policy. State Farm solely seeks a ruling as to its duty to indemnify under the Policy at this time.

**WHEREFORE**, State Farm Mutual Automobile Insurance Company, requests that the Court enter judgment in its favor as follows:

A. Declaring that the Policy does not provide uninsured motorist coverage to Defendant, Semino, for any claims or potential claims arising out of the Subject Accident because he is not an "insured", as defined under the Policy, with respect to the Subject Accident.

B. Such additional declaratory and other relief as shall be found to be just and proper under the circumstances or Florida law.

## DEMAND FOR JURY TRIAL

State Farm demands trial by jury on all issues so triable.

Dated:  June 1, 2023.

*/s/ Garett Raines*_____
Garett Raines, Esquire
Florida Bar No: 0037178
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL  33602
Telephone:  (813) 221-1500
Facsimile No: (813) 222-3066
Email: graines@bankerlopez.com
Attorneys for Plaintiff State Farm