UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STATE FARM MUTUAL
AUTOMBILE INSURANCE
COMPANY,

    Plaintiff,

v.                                        Case No.:  2:23-cv-393-SPC-NPM

JORGE LUIS HERNANDEZ
SEMINO and CHUCHI BUSH
HOG INC.,

    Defendants.
_____/

**<u>ORDER</u>**[1]

Before the Court is Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") Complaint for Declaratory Relief. (Doc. 1). This is a declaratory judgment action seeking judgment that "State Farm owes no duty to indemnify the Defendant . . . with respect to an uninsured motorist claim." (Doc. 1 at 1).

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H.*

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

*Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, State Farm has not sufficiently alleged the amount in controversy to invoke this Court's jurisdiction.

In an attempt to allege the amount in controversy, State Farm says that the policy limits of the insurance policy at issue are "in excess of $75,000," or, more specifically, that the uninsured/underinsured limits on the policy are "$1,000,000 per person." (Doc. 1 at 2). State Farm says that Defendant Semino "seek[s] uninsured motorist coverage arising from an August 9, 2021 motor vehicle accident" under that policy. (Doc. 1 at 2). But there is no indication in the Complaint that Semino intends to seek the policy limits.

This is problematic because "policy limits alone are insufficient to determine the amount in controversy for insurance coverage purposes." *Southern-Owners Ins. Co. v. Maronda Homes, Inc.*, No. 2:18-cv-1305-J-32MCR, 2019 WL 2929715, at *2 (M.D. Fla. July 9, 2019) (quoting *Direct Gen. Ins. Co. v. Gay*, No. 4:10cv336-SPM/WCS, 2010 WL 4736906, at *3 (N.D. Fla. Nov. 15, 2010)). Semino may have sustained injury in excess of $75,000. Semino may have sustained injury in the amount of $750. If the latter is true, the amount in controversy is not satisfied, regardless of the policy limits. *Amerisure Ins. Co. v. Island Crowne Developers, L.C.*, No. 6:10-cv-221-Orl-28DAB, 2010 WL

11626694, at *2 (M.D. Fla. Apr. 28, 2010) ("showing that the policy amount exceeds $75,000 does not in and of itself establish that the amount in controversy requirement has been met because *the value of the underlying claim may be for less than the policy limits*") (emphasis added).

The Court finds that State Farm has not met its burden of establishing this Court's subject matter jurisdiction over this action.

Accordingly, it is now

**ORDERED:**

1. Plaintiff State Farm Mutual Automobile Insurance Company's Complaint for Declaratory Relief (Doc. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. Plaintiff may file an amended complaint on or before **June 15, 2023**. Failure to do so will cause the Court to close this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on June 7, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record